| iLEMMON, Justice,
concurring.
I concur in denying certiorari. However, the court of appeal erred in ruling that the officer only needed “reasonable suspicion” to tackle defendant and pin him to the ground. This conduct by the officer, which the court of appeal recognized as constituting a seizure of defendant, was only valid if based on probable cause to seize and search defendant.
Nevertheless, in my view there was probable cause to seize defendant. After the car in which he was a passenger had been properly stopped for a traffic violation in a high crime area, defendant bolted from the car, ran through a ditch partially filled with water, and headed toward a wooded area while holding his hands in his groin area. Under the totality of the circumstances, there was a “fair probability” that a seizure and search of defendant would yield contraband or evidence of a crime, and the officer therefore had probable cause to believe that defendant was committing or had committed a crime. See Illinois v. Gates, 462 U.S. 213, 238 and 246, 108 S.Ct. 2317, 2332 and 2336, 76 L.Ed.2d 527 (1983).